UNITED STATES of America,
Appellee,

v.

Shonta McPHERSON, aka Shont Boogie, Defendant–
Appellant,

Julius Moorning, aka Red, Edward Hines, aka Junior, Rodney Nelson, aka Cease, Michelle Groom, De Paul Crudup, aka Correctional Officer Pace, Robert Thomas, aka Brooklyn, Khalfani Ajamu, aka Lance Bowers, Mark Benton, Lisa Craggett, Jessica Nicholas, Craig Moye, aka Craig Mack, Jamel Nobles, aka Dungeon, Kyron Derien, aka K.Y., Dennis Simms, aka Diner, John Nelson, aka John Doe, Gregory Keeton, aka G–Grip, Henrysmith, aka June B, Kevin Craft, aka Kev, Tyrell Evans, aka Rell, Herbert Tisdale, aka H.G., Ben Tisdale, aka Killer, Paul Grant, aka Buddha, Rashad Harley, aka Hump, Milton Menafee, aka Milt, aka Taiwan Stanley, Carlyle Henry, aka C.J., Gerald Driffin, aka Jajuan Driffin, aka Nut, Tyron Labarron Sledge, aka T.Y., Tywoine Gary, aka Pillsbury, Tyrece Davis, aka Ty, Tavare Atkinson, aka Cool V, Ronald Douglas, aka Puda, Albert Sumler, aka Wack, Tyrell Dorsey, aka Relli–Rell, Randy Frazier, aka Black Cat, Jermaine Nelson, aka Half, Luis Lind, aka Pretty Lou, Amos Terry, aka Fame, Nijajuan Howard, aka Flight, Keerome Suggs, Michael Edmundson, aka Family Mike, Elias Rivers, aka Crack Baby, Lee Mitchell, aka Harry-O, James Calhoun, aka Barr, Tyrone Stokes, aka T.Y., Wilfredo Rodriguez, aka Puerto Rico, Anthony Little, Matthew Mercer, aka Mat Mat, Frank Pina, Timothy Edmunds, aka T.I., Defen-

**90**

dants.*

No. 12–441–cr.

United States Court of Appeals,
Second Circuit.

Dec. 26, 2012.

H. Gordon Hall (Sandra S. Glover, on
the brief), for David B. Fein, United States
Attorney for the District of Connecticut,
New Haven, CT, for Appellee.

Sally Wasserman, New York, NY, for
Defendant–Appellant.

PRESENT: GUIDO CALABRESI,
DEBRA ANN LIVINGSTON, GERARD
E. LYNCH, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Shonta McPherson
("McPherson") appeals the November 30,
2011 order of the District Court for the
District of Connecticut (Hall, *J.*) denying
his motion for a reduction in sentence un-
der 18 U.S.C. § 3582(c). We assume the
parties' familiarity with the underlying
facts and procedural history of the case.

18 U.S.C. § 3582(c) permits a district
court in some circumstances to modify a
sentence "based on a sentencing range
that has subsequently been lowered by the
Sentencing Commission pursuant to 28
U.S.C. 994(*o*)." *Id.* § 3582(c)(2).
McPherson moved for a reduction in his
sentence under § 3582(c) because of
changes made in 2007 to the sentencing
guidelines for offenses involving crack co-
caine. *See* U.S.S.G. § 2D1.1. The District
Court denied McPherson's motion because
his pre-departure guidelines range was not

derived from the guidelines relating to
crack cocaine, but rather from the career
offender guidelines. *See* U.S.S.G. § 4B1.1.
We vacated and remanded on the basis of
our decision in *United States v. McGee*,
553 F.3d 225 (2d Cir.2009) (per curiam),
which recognized a limited circumstance in
which resentencing was permitted where a
guidelines revision affected the range that
ultimately served as the basis for a defen-
dant's sentence. *United States v. McPher-
son*, 435 Fed.Appx. 17 (2d Cir.2011). We
noted, however, that "if McPherson's sen-
tence when imposed was not based on the
crack cocaine guidelines, McPherson is in-
eligible for a sentence reduction." *Id.* at
18.

The District Court on remand explained
that it arrived at McPherson's sentence
not by reference to the crack cocaine
guidelines, but by adding time that
McPherson still had to serve on a state
sentence to the ten year statutory mini-
mum for his federal offense. After consid-
ering the matter in a lengthy hearing, the
judge emphatically stated that "There was
no effect[, n]ot even a marginal effect of
the old crack guidelines on Mr. McPher-
son's sentence.... Nothing about that
sentence, the 120 plus the State sentence
in any way was affected by the crack
guidelines. The crack guidelines could
have been 300 to 350 or 120 to 131, it
wouldn't have mattered to the way I was
approaching the sentence." There is thus
"no evidence" that U.S.S.G. § 2D1.1, relat-
ing to the calculation of guidelines ranges
for offenses involving crack cocaine,
"played any role" in the calculation of
McPherson's sentence. *United States v.
Williams*, 551 F.3d 182, 184 (2d Cir.2009).
Accordingly, the district court did not err
in denying McPherson relief pursuant to
§ 3582(c).

---

* The Clerk of the Court is directed to amend    the official caption to conform to the above.

We have reviewed McPherson's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the District Court is **AFFIRMED**.